IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

DANNY S. WELLMAN,
Administrator of the Estate of
JARRED S. WELLMAN,

          Plaintiffs,

v.                                                              CIVIL ACTION NO.   5:15-cv-03010

FORD MOTOR COMPANY and
RAMEY AUTOMOTIVE GROUP, INC.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Plaintiff's Submission of Request for Attorney Fees* (Document 33). The Defendants have not filed a response. For the reasons set forth below, the Court finds that the Plaintiff's motion should be granted in part.

**FACTUAL AND PROCEDURAL HISTORY**

The factual and procedural history is discussed at length in the Court's June 5, 2015 *Memorandum Opinion and Order* (Document 31). For clarity, the Court includes the following brief summary. The Plaintiff brought suit in the Circuit Court of Wyoming County, West Virginia, on February 5, 2014, against the above-named Defendants. The Plaintiff alleges that the 2002 Ford Explorer that his son was operating before and during his death was defectively designed and manufactured, and brought claims for strict liability and negligence.

On March 12, 2015, Defendant Ford timely filed a *Notice of Removal* (Document 1), invoking 28 U.S.C. 1441. Defendant Ford argued in its Notice of Removal that Defendant Ramey was fraudulently joined because "it is well-established throughout the country that a seller of used cars is not liable for a design defect allegedly caused by the manufacturer," and that "West Virginia law is to the same effect." (Document 1 at 4.) On March 31, 2015, the Plaintiff filed his *Motion to Remand* (Document 7), and the *Memorandum of Law in Support of Plaintiff's Motion to Remand* (Document 9) was filed on April 1, 2015. *Ford Motor Company's Opposition to Plaintiff's Motion to Remand* (Document 19) was filed on April 14, 2015, and the *Plaintiff's Reply to Ford Motor Company's Opposition to Plaintiff's Motion to Remand* (Document 20) was filed on April 21, 2015.

The Court granted the Plaintiff's motion to remand on June 5, 2015, finding that "no West Virginia court has ruled on the precise issue necessary to determine whether Plaintiff has a cause of action against Ramey" because "whether a commercial seller of used goods is subject to strict product liability is an open question in West Virginia." (Document 31 at 6-7.) The Court invited briefing on the Plaintiff's request for attorney fees contained in his remand motion, and initially stayed the remand pending resolution of the fee motion. (*Id.* at 7-8.) Subsequently, by *Order* (Document 34) entered on September 4, 2015, this Court lifted the stay of the remand, and retained jurisdiction of the fee issue only. The Plaintiff's submission of request for attorney fees was filed on June 24, 2015. The Defendants filed no response. The matter is ripe for ruling.

## APPLICABLE LAW

"In the American legal system, attorneys' fees are ordinarily not a recoverable cost of litigation unless expressly authorized by statute, are contractually agreed to by the parties, or the

case involves bad faith or misconduct by a party or counsel." *Koontz v. Wells Fargo N.A.*, 2013 WL 1337260, *3 (S.D.W. Va. 2013) (unpublished) (Johnston, J.)  However, when appropriate, "[i]t is for the district court in the first instance to calculate an appropriate award of attorney's fees." *Carroll v. Wolpoff & Abramson*, 53 F.3d 626, 628 (4th Cir. 1995). "Courts evaluate attorney's fees under a reasonableness standard." *Best Medical Intern., Inc. v. Exkert & Ziegler Nuclitec GmbH*, 565 Fed.Appx. 232, 236 (4th Cir. 2014) (unpublished).  "The proper calculation of an attorney's fees award involves a three-step process."  *Id.* (citing *McAfee v. Bozcar*, 738 F.3d 81, 88 (4th Cir. 2013)).

"First, the court must determine the lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate."  *McAfee,* 738 F.3d at 88 (internal quotation marks omitted).    It is here that the courts should consider the *Johnson* factors:

> (1) The time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney[s]; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Id.*  "Second, the court 'must subtract fees for hours spent on unsuccessful claims unrelated to successful ones.'"  *Best Medical Intern., Inc.*, 565 Fed.Appx. at 237 (citing *McAfee*, 738 F.3d at 88.)  "Third, and finally, the court 'should award some percentage of the remaining amount, depending on the degree of success enjoyed by the party."  *Id.*

3

**DISCUSSION**

The Court has reviewed the Plaintiff's submission. Quite frankly, the Court finds it lacking in factual detail and supporting documentation. No supporting affidavit was attached. The Court does not know the fee structure involved, and whether it is based on a contingency or an hourly rate. The Plaintiff's submission, while documenting the hours worked on the matter by no less than three law firms,[1] fails to address reasonableness as to both the (1) hours billed and (2) the hourly rate. Instead, the Plaintiff includes a breakdown describing the hours billed by each firm, the task, and then multiplies this amount by two hundred fifty dollars ($250.00) per hour.

Importantly, "the burden is on the fee applicant to produce satisfactory evidence — *in addition to the attorney's own affidavit* — that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Koontz*, 2013 WL 1337260 at *10 (emphasis added). Here, the Plaintiff has attached no supporting documentation, affidavit, or specific evidence from his own counsel. Indeed, he has wholly failed to satisfy his burden of establishing that two hundred fifty dollars ($250.00) per hour is a reasonable rate.

However, the "Defendants do not dispute this rate or challenge Plaintiff's counsels' experience or skill to bill at this rate nor do they challenge his time entries." *Bratcher v. Dolphin*, 2013 WL 1194952, *5 (S.D.W. Va. 2013)(Berger, J.) "The Court does not find this rate to be exorbitant or uncustomary for any attorney litigating the type of case" despite Plaintiff's counsel's failure to indicate their experience or skill. *Id.* Here, as in *Bratcher*, the Court finds that the hourly rate of two hundred fifty dollars ($250.00) is a reasonable rate.

---

1  The Court notes that four (4) attorneys submitted billing for this matter, including both in-state and out of state counsel. The submission, however, fails to break down the billable hours per attorney for the out of state counsel. (*See* Document 33 at 2.)

The Court cannot say the same with respect to the total hours that Plaintiff's counsel billed for a motion to remand. Regarding the reasonableness of the hours billed, the Court finds that counsel for the Plaintiff billed a total of 23.6 hours for "research" and 29.3 hours for "drafting" the various pleadings, and this figure does not include the time spent on "review." (*See* Document 33 at 2-3.) The Court has considered that the number of hours billed "drafting" covers two pleadings—the motion to remand together with its supporting brief and the reply to the Defendant's opposition—while the number of hours spent "researching" encompasses four pleadings—the notice of removal, motion for remand, response in opposition to remand, and the reply to the response in opposition.

The hours spent on this matter belie the normal and routine nature of both remand motion practice and the precise issue addressed here—whether Ramey was fraudulently joined in light of the Defendant's argument that West Virginia law holds harmless sellers of used vehicles in strict liability. The Court has also considered the fact that this case did not require counsel to have a specialized skill. Indeed, negligence and strict liability are common theories of recovery in personal injury actions involving a defectively designed or manufactured product. Further, the record in this matter does not reveal any time constraints placed on Plaintiff's counsel by the Defendant, or that the length and relationship between counsel and client had any impact on the reasonableness of the hours expended.

The Court finds that the alleged facts of this case would not cause any member(s) of the legal community trepidation or wariness to litigate against Defendants Ford and Ramey, even when faced with removal to federal court. Accusations of rollover accidents with Ford vehicles are commonplace in suits across the country and in West Virginia, arising in both state and federal

5

court. *See Belville v. Ford Motor Co.*, 13 F.Supp.3d 528 (S.D.W. Va. 2014) (Chambers, J.); *Shatz v. Ford Motor Co.*, 412 F.Supp.2d 581 (N.D.W. Va. 2006)(Stamp, J.); *In re Ford Motor Co. E-350 Van Products Liability Litigation (No. II)*, 374 F.Supp.2d 1353 (Jud.Pan.Mult.Lit. 2005); *Morgan v. Ford Motor Co.*, 680 S.E.2d 77 (W.Va. 2009); *Mace v. Ford Motor Co.*, 653 S.E.2d 660 (W.Va. 2007); and *Gamblin v. Ford Motor Co.*, 513 S.E.2d 467 (W.Va. 1998).

In light of these considerations, "the Court has reviewed Plaintiff's fee chart with an eye towards excessiveness and redundancy," and finds that the time and labor expended by counsel was unreasonable given the substance of the issue litigated by the parties relative to remand. *Bratcher*, 2013 WL 1194952 at *6. A successful remand motion in this instance should not result in the billing of thirteen thousand eight hundred dollars ($13,800) — even with four attorneys working in unison at two hundred fifty dollars ($250.00) per hour. This is especially true taking into consideration the appropriate analysis mandated by the Fourth Circuit for remand determinations involving fraudulent joinder. In other words, "the removing party must establish either: that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (emphasis in original) (internal citation omitted). The Plaintiff correctly identified that no West Virginia court had yet ruled on the precise issue here, and the Defendant agreed in its response in opposition. Thus, it cannot be said that there was *no possibility* that he could recover against the Defendants.

The Court finds that the requested fee award of thirteen thousand eight hundred dollars ($13,800) should be reduced by forty percent (40%). Consequently, the Court finds that the

Plaintiff is entitled to a reasonable attorney fees award of $8,280 ($13,800-$5,520). The Court notes that the Plaintiff did not request an award of his expenses to date, and no calculation was submitted with respect to the same. In light of the above determinations, the Court finds that the attorney fees award is fair and reasonable and will not result in any chilling effect on attorneys' decisions to accept and litigate personal injury actions involving the above issues.

## CONCLUSION

Wherefore, after careful consideration of the foregoing, the Court **ORDERS** that the *Plaintiff's Submission of Request for Attorney Fees* (Document 33) be **GRANTED IN PART**. The Court **ORDERS** that the Plaintiff be awarded reasonable attorney fees in the amount of eight thousand two hundred eighty dollars ($8,280).

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: March 16, 2016

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA